PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:16CR243 |
| Plaintiff, | |
| v. | JUDGE BENITA Y. PEARSON |
| KENNETH E. JOZWIAK, | |
| Defendant. | **SENTENCING MEMORANDUM** |

## I. Introduction

The Court conducted the sentencing hearing for this Defendant on May 18, 2017. Defendant was present along with his counsel and counsel for the United States. The Court determined Defendant's total offense level was 12 with a criminal history category of VI suggesting an advisory sentencing guidelines range of 30 to 37 months. At the conclusion of the sentencing hearing, the Court varied upwards and sentenced the defendant to confinement for a period of 51 months with supervised release for a period of 3 years.[1]

---

[1] Defendant objects to not having been given advance notice of the upward variance. The Court is not required to give advance notice of variances. Fed. R. Crim. P. 32(h) requires the district court provide reasonable notice for departures under the sentencing guidelines, but not for variances under 18 U.S.C § 3553(a). *Irizarry v. United States*, 553 U.S. 708, 716 (2008); *United States v. Grigg*, 434 Fed.Appx. 530, 534 (6th Cir. 2011). And, in this case, Defendant's past and current criminal record is so egregious that it hardly lends itself to a legitimate guidelines calculation. In other words, the upward variance was not only deserved, it was beckoned.

## II. The Analysis Required by 18 U.S.C. § 3553(a)

The Court incorporates the record made and further sets forth its analysis of the sentencing factors required by *Booker* and its progeny along with the statutory guidance provided by 18 U.S.C. §3553(a) as follows:

**(a) Factors to be considered in imposing a sentence.**

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider -

**(1) The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant**

Defendant is before the Court having pled guilty (without a plea agreement) to four violations of federal law: Falsifying a Military Discharge Certificate, Theft of Public Money, False Statements, and Attempt to Obstruct an Official Proceeding. In sum, Defendant falsified his military discharge form (DD214) to misrepresent that he served in combat, was a member of a U.S. Navy Seal team, and that he earned various prestigious awards during his term of service, when in actuality he had done none of those things. Defendant used his falsified DD214 form in order to obtain benefits from the Department Veterans Affairs; he forbade his then-wife from reporting income to the Social Security Administration; he purported to be a former U.S. Navy Seal member and Purple Heart recipient in public; and he lied to federal agents and attempted to influence his then-wife to file a false statement regarding federal agents investigating the instant matter.

**(2) History and Characteristics of Defendant**

At age 68, Defendant has been married to seven women, and he reportedly has five children. He has not had any contact with any of his children in three years. The defendant has used various narcotics throughout his life, most notably prescription pain pills which he admitted being addicted to for numerous years. He suffers from high blood pressure and diabetes, among other chronic ailments. He recently had a toe amputated. He alleges that he is prescribed 23 different medications. It is not clear whether all are administered.

Defendant's criminal history score is 18. This is 5 points higher than the minimum required to be a Category VI. Excluding the instant offenses, Defendant has been arrested in 120 separate criminal cases; 76 resulted in convictions; and 44 were dismissed or not prosecuted. Of the his 76 convictions, 70 were assigned no criminal history points, largely due to their age. The majority of Defendant's criminal history is fraud-related. Given the volume of his fraud-related convictions, there is no way of determining the loss he has caused others and/or the balance of restitution that he owes to his countless victims.

Rather than work legitimate jobs in order to provide for himself and his family, since the 1960s, Defendant's livelihood has been fraud and deceit. Defendant even managed to pervert his one year of Naval service by either abusing drugs while enlisted or lying about drug use in order to be discharged. He then went on to pose, for decades, as a decorated war veteran/Navy Seal to family members, acquaintances, and even the Department of Veterans Affairs (VA). Sadly, Defendant has spent nearly his entire adult life as a conman defrauding others and relying on government assistance via his fraud schemes.

Sometimes age can be viewed as a deterrent to recidivism, Defendant has not shown this to be true in his case, given his persistent perpetuation of fraud schemes over the past several decades. Similarly, neither Defendant's mental or physical health whether considered individually or in combination with other characteristics encourage a more lenient sentence or that Defendant has ceased being a danger to society.

**(3) The Need for the Sentence Imposed**

Defendant's deceitful conduct for the past 50 years is very concerning and underrepresented even by his large criminal history score. Defendant has served numerous prior periods of incarceration which did not deter his conduct. As stated above, remarkably, he has been arrested 120 times and convicted of 76 of those cases in his adult life. These statistics do not include the countless times his fraud schemes were either not detected or not reported to law enforcement authorities. Seventy (70) or 92% of Jozwiak's 76 convictions were assigned no criminal history points due to the age of the offenses, which makes it that much more remarkable that Jozwiak could be a Criminal History Category VI.

Similar to his lifelong conduct, the instant matter resulted from Defendant's penchant for fraud and deceit. His fraud schemes involved repetitive and deliberate preparation and execution, further discouraging belief that his age, mental state or physical health would deter future criminal conduct. Based on his instant offense conduct and lifelong fraudulent conduct, as made evident in both his personal life and criminal history, Defendant has essentially made himself untrustworthy.

3

### (4) Avoiding Unwarranted Disparity

According to the U.S. Sentencing Commission's data for Defendant's offense of conviction for fiscal year 2015 is as follows: the average sentence nationally for the offenses involving Fraud with a Criminal History Category VI is 51 months. Due to the defendant's abysmal criminal history, the vast majority of which being fraud-related, his significantly underrepresented his criminal history score and his livelihood of criminal conduct, an upward variance to at least this average term of incarceration is required. Imposing a sentence that protects the public and reflects the seriousness of the instant offenses is paramount.

### III. Conclusion

All told, Defendant's conduct places him so sufficiently outside of the heartland of typical defendants that an upward variance is warranted. For the reasons set forth herein, a sentence of 51 months with supervised release for three years, is a sentence sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553(a). While the sentence imposed reflects an upward variance of 14 months, a more lengthy term of incarceration would be justified.

IT IS SO ORDERED.

| | |
|---|---|
| May 23, 2017 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |